Gustafson, J., dissenting: The taxpayer in this case did not file her petition "within 90 days” after the mailing of the IRS’s notice of deficiency, see 26 U.S.C. sec. 6213(a), but rather 148 days. We therefore lack jurisdiction unless “the notice is addressed to a person outside the United States.” Id. It was not so addressed. Rather, the notice was addressed to the taxpayer’s post office box address in San Francisco, California (an address obviously inside the United States); and at the time the notice was mailed by the IRS and delivered to that post office box, the taxpayer was in San Francisco (i.e., was inside the United States). The notice of deficiency was therefore neither addressed to nor delivered to “a person outside the United States”. The deadline for filing a petition was therefore the 90-day deadline. Various other facts about the taxpayer’s situation could be adduced to make the situation appear more sympathetic (e.g., she was very busy moving, and she never saw the notice) or less sympathetic (e.g., she was in San Francisco a full week after delivery but did not check her mail); but the statute makes no mention of such considerations. It provides a 90-day deadline, and it makes an exception only when “the notice is addressed to a person outside the United States.” That exception is not met here. I would dismiss the petition. Halpern, Kroupa, Holmes, and Morrison, JJ., agree with this dissent.